■ BUCCI IMPORTS, LTD., Appellant, v CHASE BANK INTERNATIONAL et al., Respondents.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of

the Supreme Court, Nassau County (Widlitz, J.), dated October 1, 1986, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by adding a provision thereto that, upon searching the record, summary judgment is granted to the defendants dismissing the complaint; as so modified, the order is affirmed, with costs to the defendants.

We agree with the Supreme Court, Nassau County, for reasons stated in its memorandum decision, that questions of fact exist as to whether the plaintiff presented to the defendant Chase Manhattan Bank International, in a timely fashion, a draft with the required accompanying transport documents for payment upon a letter of credit issued in its favor by that defendant. Therefore, denial of the plaintiff's motion for summary judgment was proper. We also find, however, that one of the transport documents presented by the plaintiff named Scottsdale, Arizona, as the place of destination instead of naming, as required by the terms of the letter of credit, Houston, Texas, as the place of destination. Since New York requires strict compliance with the terms of a letter of credit, we find that this was a material inconsistency which justified the refusal to honor the letter of credit and make payment (see, e.g., United Commodities-Greece v Fidelity Intl. Bank, 64 NY2d 449, 455, rearg denied 65 NY2d 923; Beyene v Irving Trust Co., 762 F2d 4; Marino Indus. Corp. v Chase Manhattan Bank, 686 F2d 112, 114-115). Therefore, we now find it appropriate to grant summary judgment to the defendants, as it is within our power to do (see, CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111-112). Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.