■ PHIBRO DISTRIBUTORS CORPORATION, Appellant, v FIDELITY INTERNATIONAL BANK, Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered October 8, 1990, denying plaintiff's motion for summary judgment and granting defendant's cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the cross-motion is denied, and plaintiff's motion for summary judgment is granted. The clerk is directed to enter judgment in favor of plaintiff in the amount of $176,430.97, plus interest and costs.

Plaintiff contracted to sell approximately 350,000 barrels of oil to Sen Mar, Inc. at prevailing rates, the price to include the 2.83% New York State gross receipts tax on petroleum products. Sen Mar secured the purchase obligation with an irrevocable sight draft letter of credit issued by defendant in the maximum amount of $6,431,925.50, to expire on February 28, 1989. On February 11, plaintiff submitted the required

documentation to defendant and was permitted to draw down against the letter the purchase price of $6,243,141.28. Twelve days later, plaintiff learned that it was now responsible for payment of the gross receipts tax, Sen Mar's certificate of registration under the Tax Law having lapsed. Accordingly, on February 24, four days before the stated expiration date of the letter of credit, plaintiff made a second presentment against the balance for $176,430.97, the amount of the gross receipts tax liability.

On Sen Mar's instructions, defendant refused payment on this second presentment, asserting that it had already made payment on these documents on February 13, and payment of additional claims was not authorized under the letter of credit. This was, of course, an inaccurate statement, in that the letter of credit was silent as to partial draws.

The letter of credit incorporated by reference the Uniform Customs and Practice for Documentary Credits ("UCP"), promulgated by the International Chamber of Commerce, which required in part that the issuer of the letter had to specify defects or discrepancies before rejecting a presentment. When plaintiff asked for identification of the defect, defendant responded that the two presentments had each identified the same 375,385.05 barrels of oil sold, and when added together, that total far exceeded the "350,000 barrels plus or minus 10%" authorized for payment under the letter of credit.

Obviously, plaintiff was not asking for payment for delivery of 750,770.1 barrels of oil. Clearly, only 375,385.05 barrels were delivered; plaintiff forwarded another copy of that invoice with its second presentment simply as part of the documentary evidence in support of its limited claim for entitlement to payment for the gross receipts tax on that delivery.

The IAS court had no difficulty rejecting the pleaded defense of implicit prohibition against separate, partial draws under the letter of credit, and the argument of alleged double-counting of barrels sold. But plaintiff's motion for summary judgment was then denied on the newly advanced defense theory that the duplication of a statement in the documentary support for each presentment created a discrepancy.

In the first presentment, plaintiff had included a statement, as required, that the invoice had been "calculated in accordance with Phibro Distributors Corporation Contract No. 33002124-S." In support of the second presentment, plaintiff offered a statement "to confirm that the above commercial

invoice was calculated in accordance with Phibro Distributors Corporation 33002124-S."

Despite approval of partial draws under the letter of credit, the IAS court rejected plaintiff's summary judgment motion on the "facial discrepancy" between the statements in the two presentments that each had been "calculated in accordance with" the Phibro contract. If the first presentment had been based upon an accurate calculation of the amount due under the contract, then the subsequent presentment could not possibly have been an accurate calculation, argues defendant, because it claimed an additional sum under the same contract. That meant that there had to have been an error in the calculation of the amount due in one of the presentments, and since literal compliance with a letter of credit is required, defendant was at least entitled to go to trial on the discrepancy raised by the inconsistency between the two supporting documents.

This was error. The documents in support of each presentment cannot be read in a vacuum. Read in its full context, it is patently clear that the second presentment was for a strictly limited purpose, necessitated by omission of payment of the gross receipts tax from the first draw. That limited purpose was clearly identified in plaintiff's letter covering the second presentment, and the amount in question was confirmed in an invoice itemizing the gross receipts tax due. Nowhere does defendant dispute plaintiff's entitlement to a draw for that purpose.

Of course, the underlying transaction should be of little concern to defendant. "A letter of credit is a commitment by a bank to pay under the terms of the credit upon presentation of specified documents, not upon occurrence of the events purportedly represented by the documents" (Fertico Belgium v Phosphate Chems. Export Assn., 100 AD2d 165, 169, appeal dismissed 62 NY2d 802). It is "a separate contract between the issuing or confirming bank and the beneficiary, independent of the contract for the sale of goods between the buyer and seller" (supra, at 172). All the bank need be concerned with is compliance with the terms of the letter of credit: presentment of those documents called for in the letter of credit, within the specified time frame, and within the established monetary limits. Each of these requirements was satisfied here. In the absence of a provision in the letter of credit limiting payments to a single presentment, there is nothing to prohibit or estop the beneficiary from seeking a supplemental draw based upon proper documentary justification. Nothing in

the letter of credit, nor in the first presentment, precluded the second presentment for supplemental funds less than two weeks later. Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ. *[See,* 148 Misc 2d 498.]