■ ANDREW J. WOOD et al., Respondents, v STATE BANK OF LONG ISLAND, Appellant. [609 NYS2d 665] —In an action to recover damages for wrongful dishonor of a letter of credit, the defendant appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated January 27, 1992, which,

upon granting the plaintiffs' motion for summary judgment, is in favor of the plaintiffs and against it in the principal sum of $40,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the plaintiffs' motion for summary judgment is denied, upon searching the record pursuant to CPLR 3212 (b), summary judgment is granted in favor of the defendant, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment in accordance herewith.

On January 29, 1987, the plaintiffs and Jacklyn Construction Corp. (hereinafter Jacklyn) entered into a contract for Jacklyn to buy the plaintiffs' real property. Under clauses 5 and 6 of the rider to the contract of sale, the parties agreed that certain moneys "shall be a non-refundable payment to the [plaintiffs] for allowing [Jacklyn] to obtain the zoning approvals and for agreeing to sell said property and making said property subject to the change of zone". As part of the contemplated payment, Jacklyn caused the State Bank of Long Island (hereinafter the State Bank) to open a clean irrevocable letter of credit in favor of "Thomas F. Wood Esq., as attorney for [the plaintiffs]". The letter of credit provided for payment on or before the close of business on January 16, 1988, against a sight draft making reference to credit number 1147 and a sworn statement by the plaintiffs' attorney "certifying that: Jacklyn * * * or its assigns, has willfully failed to close title in accordance with the provisions of a certain contract, dated on or about January 29, 1987 between [the plaintiffs] and Jacklyn". On or about January 12, 1988, State Bank received a sight draft that made no reference to State Bank's credit number and an affidavit of the plaintiffs' attorney that mentioned the credit number and read: "1. That he is the attorney for [the plaintiffs], and makes this affidavit pursuant to the terms and conditions of a Letter of Credit No. 1147 * * * 2. That pursuant to a contract dated January 29, 1987 * * * the sum of FORTY THOUSAND ($40,000.00) DOLLARS was to be deposited with him on or before January 1, 1988. 3. That pursuant to said contract of sale, your affiant makes demand upon the State Bank of Long Island for the sum of FORTY THOUSAND ($40,000.00) DOLLARS pursuant to Letter of Credit No. 1147". The Supreme Court found that the plaintiffs complied in all respects with the letter of credit and granted summary judgment in their favor. We disagree.

New York requires strict compliance with the terms of a

letter of credit *(see, United Commodities-Greece v Fidelity Intl. Bank,* 64 NY2d 449, 455; *Bucci Imports v Chase Bank Intl.,* 132 AD2d 641, 642; *Eximetals Corp. v Pinheiro Guimaraes, S.A.,* 73 AD2d 526, *affd* 51 NY2d 865), rather than the more relaxed standard of substantial compliance *(see, United Commodities-Greece v Fidelity Intl. Bank, supra).* The documents presented against the letter of credit must comply precisely with the requirements of the letter of credit *(see, Eximetals Corp. v Pinheiro Guimaraes, S.A., supra).* The New York Court of Appeals thus stated the rule: "We have heretofore held that these letters of credit are to be strictly complied with, which means that the papers, documents and shipping descriptions must be followed as stated in the letter. There is no discretion in the bank or trust company to waive any of these requirements" *(Anglo-South Am. Trust Co. v Uhe,* 261 NY 150, 156-157). The letter of credit is not tied to or dependent upon the underlying commercial transaction *(see, United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254, 259; *O'Meara Co. v National Park Bank,* 239 NY 386, 395).

In the case at bar, the plaintiffs' counsel was required under the terms of the letter of credit to present a sight draft mentioning credit number 1147, accompanied by a certification that Jacklyn "has willfully failed to close title in accordance with the provisions of [the contract]". He failed to comply precisely with the terms of the letter of credit. Therefore, State Bank properly refused to honor the letter of credit. Accordingly, we deny the plaintiffs' motion for summary judgment and grant summary judgment in State Bank's favor. On a motion for summary judgment, the court is authorized to search the record and to grant judgment in favor of a nonmoving party *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110; *Bucci Imports v Chase Bank Intl.,* 132 AD2d 641, *supra).* Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.