■ AMORE PARTNERS, INC., Respondent, v MEPHISTO, INC., Sued Herein as MEPHISTO, U.S.A., Appellant. (And a Third-Party Action.) [635 NYS2d 57] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Mephisto, Inc., sued herein as Mephisto, U.S.A., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Floyd, J.), entered July 6, 1994, as, upon granting summary judgment in favor of the plaintiff Amore Partners, Inc., on its first cause of action, is in favor of Amore Partners, Inc., and against Mephisto, Inc., in the principal sum of $30,434.05.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff Amore Partners, Inc. (hereinafter Amore) oper-

ated a shoe store which, pursuant to a written agreement, had shoes supplied to it by the defendant Mephisto, Inc., sued herein as Mephisto, U.S.A. (hereinafter Mephisto). When Amore decided to cease operations, it entered into a written termination agreement with Mephisto which resolved all the rights and liabilities of the parties. Subsequently, Amore instituted this action against Mephisto to recover damages for breach of the agreement and fraudulent inducement to enter into the agreement. Mephisto counterclaimed and instituted a third-party action.

The Supreme Court has the power to grant summary judgment to a nonmoving party, predicated upon a motion for that relief by another party (see, e.g., Wood v State Bank, 203 AD2d 278). Therefore, although Amore had moved for different relief, the Supreme Court had the authority to search the record and award summary judgment to Amore on its first cause of action since Mephisto had moved for summary judgment dismissing the entire complaint (see, e.g., Marsico v Southland Corp., 148 AD2d 503, 506). Furthermore, summary judgment on the first cause of action to recover damages for breach of the termination agreement was properly granted in favor of Amore because there was no issue of fact that Mephisto had breached the clear and unambiguous terms of the termination agreement (see, e.g., Costa v District Nursing Assn., 175 AD2d 274). Moreover, because the termination agreement was unambiguous, the Supreme Court properly refused to consider parol evidence offered by Mephisto (see, e.g., Chimart Assocs. v Paul, 66 NY2d 570). Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.