■ J & D EINBINDER ASSOCIATES, INC., et al., Respondents-Appellants, v ICC PERFORMANCE 3 LIMITED PARTNERSHIP, Respondent, and KEY BANK OF SOUTHEASTERN NEW YORK, N. A., Appellant-Respondent. [661 NYS2d 287] —In an action to enjoin

the enforcement of a letter of credit, (1) the defendant Key Bank of Southeastern New York, N. A., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Tanenbaum, J.), entered March 21, 1996, as (a) upon granting the motion of the defendant ICC Performance 3 Limited Partnership for summary judgment on its cross claim against Key Bank of Southeastern New York, N. A., to recover damages for its wrongful dishonor of a letter of credit, is in favor of the defendant ICC Performance 3 Limited Partnership and against it in the sum of $77,720.54, and (b) denied its cross motion for summary judgment dismissing the cross claim, (2) the plaintiffs cross-appeal, as limited by their brief, from stated portions of the same order and judgment which, *inter alia,* awarded summary judgment in favor of Key Bank of Southeastern New York, N. A., and against the plaintiff Joseph Einbinder in the sum of $77,720.54, pursuant to a personal guarantee executed by the plaintiff Joseph Einbinder, and (3) Key Bank of Southeastern New York, N. A., appeals, and the plaintiffs cross-appeal, from stated portions of an amended order and judgment (one paper) of the same court, entered May 23, 1996, which, *inter alia,* vacated the judgments in favor of the defendants ICC Performance 3 Limited Partnership and Key Bank of Southeastern New York, N. A., respectively, each in the sum of $77,720.54, and substituted therefor judgments in favor of each of these defendants in the sum of $47,720.54.

Ordered that the appeal and cross appeal from the order and judgment are dismissed, as that order and judgment was superseded by the amended order and judgment; and it is further,

Ordered that the amended order and judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the defendant ICC Performance 3 Limited Partnership is awarded one bill of costs payable by the plaintiffs and the defendant Key Bank of Southeastern New York, N. A.

"Under a letter of credit, the issuer must honor a draft or demand for payment from the beneficiary so long as the documents presented conform to the terms of the letter of credit" (*Gillman v Chase Manhattan Bank,* 73 NY2d 1, 12; *see, United Commodities-Greece v Fidelity Intl. Bank,* 64 NY2d 449, 455; *Wood v State Bank,* 203 AD2d 278, 279-280; UCC 5-114). The "issuer's obligation to honor a properly presented draft is independent of any underlying contractual arrangement between the account party (i.e., its customer) and the beneficiary. Thus,

the issuer must honor the draft irrespective of whether the underlying contract has been properly performed" (*Gillman v Chase Manhattan, supra,* at 12; *see, First Commercial Bank v Gotham Originals,* 64 NY2d 287, 294; *United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254, 259; *Phibro Distribs. Corp. v Fidelity Intl. Bank,* 175 AD2d 777, 779).

The parties do not dispute that the documents that ICC Performance 3 Limited Partnership (hereinafter ICC), as the beneficiary, presented to Key Bank of Southeastern New York, N. A. (hereinafter Key Bank), as the issuer, were in compliance with the terms of the letter of credit. Thus, Key Bank was obligated, as a matter of law, to honor the demand for payment, and its failure to do so subjects it to damages in the amount that ICC was entitled to receive pursuant to the terms of the letter of credit.

Moreover, we are not persuaded that the court erred in interpreting the terms of a stipulation entered into by J & D Einbinder Associates, Inc., Joseph Einbinder, Key Bank, and ICC's predecessor in interest. The court's determination that a final judgment was entered in the underlying foreclosure proceeding, as that term was defined in the stipulation, was in accord with the purpose of the stipulation, which was to protect the rights of ICC's predecessors in the event a deficiency judgment were entered after the property in issue was foreclosed upon and sold. The construction the court adopted carried out the plain purpose and object of that stipulation (*see,* 22 NY Jur 2d, Contracts, § 225, at 273-274). To have found otherwise would have rendered the provision concerning final judgment "substantially without force or effect", and such interpretations should be avoided (*Joseph v Creek & Pines,* 217 AD2d 534, 535; *see, Patrick v Guarniere,* 204 AD2d 702).

The court did not err in awarding summary judgment in favor of Key Bank and against Joseph Einbinder on the written personal guaranty that he executed to Key Bank as security for the letter of credit. "[A] motion for summary judgment, irrespective of by whom it is made, empowers a court * * * to search the record and award judgment where appropriate" (*Grimaldi v Pagan,* 135 AD2d 496; *McDougal v Apple Bank for Sav.,* 200 AD2d 418; CPLR 3212 [b]). Here, the plaintiffs failed to raise any issues of fact in response to Key Bank's cross motion for summary judgment concerning the validity of the personal guaranty executed by the plaintiff Joseph Einbinder. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.