(December 18, 2000)

■ JORGE AGUIRRE et al., Plaintiffs, v CASTLE AMERICAN CONSTRUCTION, L. L. C., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. MILLER CONTRACTING, Third-Party Defendant-Respondent. [718 NYS2d 615] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated December 21, 1999, as, *sua sponte*, in effect, granted summary judgment to the third-party defendant dismissing the third-party complaint.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal,

and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the third-party complaint is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for a determination on the merits of the plaintiffs' cross motion to sever the third-party action.

The Supreme Court "may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of motions before the court" (*Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430; *see, Amore Partners v Mephisto, Inc.,* 222 AD2d 473; *Marsico v Southland Corp.,* 148 AD2d 503, 506; *Andriano v Caronia,* 117 AD2d 640; *City Wide Payroll Serv. v Israel Discount Bank,* 239 AD2d 537). Here, the record demonstrates that there was no motion for summary judgment by any party relating to the merits of the third-party action. Accordingly, the Supreme Court should not have *sua sponte,* in effect, granted summary judgment dismissing the third-party action. The third-party defendant's contentions to the contrary are without merit.

Additionally, it appears that the Supreme Court failed to address the plaintiffs' cross motion to sever the third-party action based on its decision to dismiss the third-party complaint. In light of our determination, the matter is remitted to the Supreme Court, Rockland County, for a determination of that cross motion. Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.