■ JAK NRECAJ, Respondent, v FISHER LIBERTY Co. et al., Defendants and Third-Party Plaintiffs, and BANKERS TRUST COMPANY, Appellant and Third-Party Plaintiff-Appellant. UNI-

VERSAL MAINTENANCE CORP., Third-Party Defendant-Respondent. [723 NYS2d 26] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about January 12, 2000, which, in an action for personal injuries sustained in a slip and fall on defendant-appellant's premises, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint and all cross claims as against it, for summary judgment on its causes of action for common-law and contractual indemnification against plaintiff's employer, third-party defendant maintenance contractor, and for conditional summary judgment on its cause of action against the maintenance contractor for breach of contract to procure a certain amount of insurance, unanimously modified, on the law, to grant defendant summary judgment against the maintenance contractor on the cause of action for breach of contract conditioned upon defendant's payment of damages in excess of $1,000,000 and less than $2,000,000, and otherwise affirmed, without costs.

Clear issues of fact exist as to the extent to which defendant retained supervisory control over building maintenance, including, in particular, the safety measures to be taken when inclement weather caused wetness to be tracked into the building, and as to whether defendant had actual and/or constructive notice of the melted snow on the lobby floor that allegedly caused plaintiff to fall. Such issues of fact preclude summary judgment in defendant's favor on either its defense against the complaint or its causes of action against the maintenance contractor for common-law and contractual indemnification (see, Sheehan v Fordham Univ., 259 AD2d 328, 329, citing Quinn v Tishman Constr. Corp., 249 AD2d 143). We would also note, with respect to contractual indemnification, that the maintenance contract provides for each party to indemnify the other to the extent that an injury is attributable to the indemnifying party's negligence. However, it was error to deny defendant conditional summary judgment on its cause of action for breach of contract against the maintenance contractor. The parties' maintenance contract and the maintenance contractor's insurance policy establish that while the latter was obligated to obtain liability insurance naming defendant as an additional insured and providing combined single limit coverage of at least $2,000,000, the policy it obtained had a combined single limit coverage of only $1,000,000. Accordingly, the maintenance contractor is liable to defendant for any damages that defendant may have to pay in excess of $1,000,000 and less than $2,000,000 (see, Kinney v Lisk Co., 76 NY2d 215). Concur—Nardelli, J. P., Tom, Andrias, Rubin and Saxe, JJ.