■ PATRIA LANTIGUA, Appellant, v 700 W. 178th STREET ASSOCIATES, L.L.C., et al., Respondents, et al., Defendants. PATRIA LANTIGUA, Respondent-Appellant, v 700 W. 178th STREET ASSOCIATES, L.L.C., et al., Appellants-Respondents, et al., Defendants. [767 NYS2d 75]—

Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 9, 2002, which, in this action for personal injuries, granted the motion of defendants 700 W. 178th Street Associates (Associates), Burton Goldberg and Stonecrest Management, Inc. for summary judgment dismissing the

complaint and all cross claims against them, unanimously reversed, on the law, without costs, to the extent that it granted summary judgment dismissing the complaint as to defendant Stonecrest, and the balance of the appeal unanimously dismissed, without costs, as superseded by appeal from the order, same court and Justice, entered January 3, 2003. Said order entered January 3, 2003, which (1) upon reargument, vacated the July 9, 2002 order to the extent of reinstating the complaint as against defendants Associates and Goldberg, and (2) granted plaintiff's motion for leave to amend her bill of particulars to the extent of alleging a violation of Multiple Dwelling Law § 78, unanimously affirmed, without costs. The balance of plaintiff's appeal from so much of the order entered January 3, 2003 as denied leave to amend her bill of particulars to allege other regulatory and statutory violations unanimously dismissed as taken from a nonappealable denial of reargument, without costs.

The record raises issues of fact concerning whether plaintiff's injuries resulted from a structural defect so as to constitute constructive notice to the landlord (*see Johnson v Urena Serv. Ctr.*, 227 AD2d 325 [1996], *lv denied* 88 NY2d 814 [1996]; *Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp.*, 299 AD2d 230, 231 [2002]). Plaintiff's deposition testimony that she slipped in water that had been leaking from an overhead sewer pipe onto the basement staircase for about 1½ months before the accident raises a factual question as to whether the defective condition was apparent and extant for a sufficient length of time prior to the accident that defendants' employees should have discovered and corrected it (*see Morrone v Chelnik Parking Corp.*, 268 AD2d 268, 269 [2000]). Amendment of plaintiff's bill of particulars was properly restricted to the alleged violation of Multiple Dwelling Law § 78 since the additional alleged statutory violations are inapposite to plaintiff's claims. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Marlow, JJ.