■ STATE FARM FIRE AND CASUALTY COMPANY, Appellant, v ALICE BROWNE, Respondent. [785 NYS2d 460]—

In an action for a judgment declaring the rights and obligation of the parties under certain insurance policies, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (LaCava, J.), entered January 31, 2003, as searched the record and granted the defendant summary judgment on her counterclaim for lost rental income, (2) an order of the same court dated July 15, 2003, which denied that branch of its motion which was for leave to renew the prior determination granting summary judgment to the defendant on her counterclaim for lost rental income, and (3) a judgment of the same court entered September 11, 2003, upon the order dated January 31, 2003, as is in favor of the defendant on the counterclaim for lost rental income and against it in the principal sum of $66,000.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed

from, on the law, and so much of the order dated January 31, 2003, as searched the record and granted the defendant summary judgment on her counterclaim for lost rental income is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

While the Supreme Court has the power to grant summary judgment to a nonmoving party predicated upon a motion for that relief by another party (see Dunham v Hilco Constr. Co., 89 NY2d 425 [1996]), it may not search the record and grant summary judgment on a particular claim if no party has moved for summary judgment on that claim (see Aguirre v Castle Am. Constr., 278 AD2d 348 [2000]; City Wide Payroll Serv. v Israel Discount Bank of N.Y., 239 AD2d 537 [1997]). Here, neither party moved for summary judgment on the defendant's counterclaim for lost rental income under the "Rental Dwelling Policy" at issue. Therefore, the Supreme Court erred in searching the record and granting the defendant summary judgment on that counterclaim. Florio, J.P., Schmidt, Mastro and Fisher, JJ., concur.