■ IMPTEX INTERNATIONAL CORP., Appellant, v HSBC BANK USA, N.A., Respondent. [859 NYS2d 147]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 16, 2007, which, in an action to recover damages for wrongful honor of three presentments on a letter of credit, denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny so much of defendant's cross motion for summary judgment with respect to the third presentment on the letter of credit, and grant plaintiff's motion for summary judgment on the third presentment, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

The record establishes that defendant appropriately honored the first two presentments on the subject letter of credit since the documents presented by the beneficiary strictly complied with the terms of the letter of credit (see United Commodities-Greece v Fidelity Intl. Bank, 64 NY2d 449, 455 [1985]). Although, in addition to stating that the merchandise was "on rolls," as required by the letter of credit, the presented docu-

ments described the merchandise as packaged in "bales," a term not specified in the letter of credit, the additional references to "bales" did not, under the circumstances, create a discrepancy or inconsistency with the terms of the letter of credit (*compare Hellenic Republic v Standard Chartered Bank*, 219 AD2d 498 [1995]).

However, the record demonstrates that plaintiff is entitled to recovery with respect to the third presentment, since the quantity of goods listed in the presentment document exceeded the quantity listed in the letter of credit by more than 5%, in violation of article 39 (b) of the Uniform Customs and Practice for Documentary Credits. Accordingly, the third presentment documents did not strictly conform to the terms and conditions of the letter of credit, and should not have been honored.

We have considered the plaintiff's remaining contentions and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ.