■ SIDNEI LIMA, Plaintiff, v NAB CONSTRUCTION CORP., Respondent, and TOWER PAINTING Co., INC., Appellant, et al., Defendant. (And a Third-Party Action.) [873 NYS2d 141]—

In an action to recover damages for personal injuries, the defendant Tower Painting Co., Inc., appeals (1) from an order of the Supreme Court, Queens County (Rosengarten, J.), dated June 22, 2007, which granted the motion of the defendant NAB Construction Corp. for summary judgment on its cross claims against the defendant Tower Painting Co., Inc., to recover damages for breach of a contract to procure insurance, granted that branch of the separate motion of the defendant NAB Construction Corp. which was to recover its costs from Tower Painting Co., Inc., in defending the action, and, in effect, searched the record and awarded summary judgment to the defendant NAB Construction Corp. on its cross claim against the defendant Tower Painting Co., Inc., for indemnification, and (2), as limited by its brief, from so much of an order of the same court dated September 18, 2007 as denied that branch of its motion which was for leave to reargue and, upon renewal, adhered to its original determination.

Ordered that the appeal from the order dated June 22, 2007 is dismissed, without costs or disbursements, as that order was superseded by so much of the order dated September 18, 2007 as was made upon renewal; and it is further,

Ordered that the appeal from so much of the order dated September 18, 2007 as denied that branch of the motion of the defendant Tower Painting Co., Inc., which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 18, 2007 is modified, on the law, by deleting the provision thereof which, upon renewal, adhered to so much of the original determination in the order dated June 22, 2007, as (a), upon searching the record, awarded the defendant NAB Construction Corp. summary judgment on its cross claim against the defendant Tower Painting Co., Inc., for indemnification, and (b) granted that branch of the motion of the defendant NAB Construction Corp. which was to recover its costs from Tower Painting Co., Inc., in defending the action, and substituting therefor a provision granting that branch of the motion of the defendant NAB Construction Corp. only to the extent of awarding it out-of-pocket costs incurred in obtaining and maintaining substitute insurance; as so modified,

the order dated September 18, 2007 is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant NAB Construction Corp. (hereinafter NAB) demonstrated its prima facie entitlement to judgment as a matter of law on its cross claims against the defendant Tower Painting Co., Inc. (hereinafter Tower), to recover damages for breach of an agreement to procure insurance. NAB's submissions established that, although Tower obtained a commercial general liability policy naming NAB as an additional insured, it failed to procure the specific coverage required under the insurance provisions of NAB's subcontract with Tower (hereinafter the subcontract) (*see Nrecaj v Fisher Liberty Co.,* 282 AD2d 213, 214 [2001]; *see also Clapper v County of Albany,* 188 AD2d 774, 775-776 [1992]).

In opposition to NAB's prima facie showing, Tower failed to raise a triable issue of fact. Its contention that NAB waived any claim of breach of the insurance procurement agreement is belied by the express language in the subcontract providing that NAB's failure to identify insurance deficiencies did not relieve Tower from its insurance obligations. Moreover, contrary to Tower's contention, a final determination of its liability for breach of the contract to procure insurance was not dependent upon "a factual determination as to whose [fault], if anyone's, caused the plaintiff's injuries" (*McGill v Polytechnic Univ.,* 235 AD2d 400, 402 [1997]). Accordingly, the Supreme Court did not err in awarding NAB summary judgment on its cross claims against Tower to recover damages for breach of a contract to procure insurance.

While the Supreme Court has the power to award summary judgment to a nonmoving party, predicated upon a motion for that relief by another party (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]), it may not search the record and award summary judgment on a cause of action if no party has moved for it (*see State Farm Fire & Cas. Co. v Browne,* 12 AD3d 361, 362 [2004]; *City Wide Payroll Serv. v Israel Discount Bank of N.Y.,* 239 AD2d 537, 538 [1997]). Here, the record indicates that NAB did not move for summary judgment on its cross claim against Tower for indemnification. Therefore, the court should not have awarded relief on that cause of action (*see State Farm Fire & Cas. Co. v Browne,* 12 AD3d at 362; *City Wide Payroll Serv. v Israel Discount Bank of N.Y.,* 239 AD2d at 538).

Moreover, the Supreme Court erred in granting that branch of the NAB's motion which was to recover, from Tower, its costs

in defending the action. Where, as here, the promisee has its own insurance coverage, recovery for breach of a contract to procure insurance is limited to the promisee's out-of-pocket expenses in obtaining and maintaining such insurance, i.e., the premiums and any additional costs incurred such as deductibles, co-payments, and increased future premiums (*see Inchaustegui v 666 5th Ave. Ltd. Partnership,* 96 NY2d 111, 114 [2001]; *Netjets, Inc. v Signature Flight Support, Inc.,* 43 AD3d 1016, 1018 [2007]). Accordingly, we remit the matter for a determination of the amount of such costs payable to NAB by Tower.

The parties' remaining contentions are without merit. Skelos, J.P., Angiolillo, Balkin and Chambers, JJ., concur.