■ JOHN GILDAY et al., Appellants, v SUFFOLK COUNTY NATIONAL BANK, Respondent. [954 NYS2d 109]—

In an action to recover payment pursuant to a letter of credit, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated November 10, 2011, which denied their motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the complaint is granted.

The Electrical Industry Board of Nassau and Suffolk Coun-

ties, New York (hereinafter the EIB), administers employee benefit funds for members of the plaintiff Local 25, the International Brotherhood of Electrical Workers, AFL-CIO (hereinafter Local 25). As employers of Local 25 members, Elemco Testing Company, Inc., Elemco Electrical Construction Co., Inc., and Elemco Industries, Inc. (hereinafter collectively the Elemco parties), agreed to be bound by a collective bargaining agreement that required them to make weekly and monthly contributions to the EIB to fund various employee benefits, and to maintain a surety bond to secure such contributions. In November 2008, the Elemco parties filed a chapter 11 bankruptcy petition in the United States District Court for the Eastern District of New York (hereinafter the Bankruptcy Court). At the time the bankruptcy petition was filed, the Elemco parties were allegedly in default of accrued but unpaid employee contributions in excess of $400,000, which included contributions to 401(k) retirement plans that they deducted from employee salaries.

During the course of the Bankruptcy Court proceeding, in June 2009 the Elemco parties' primary lender, the defendant Suffolk County National Bank (hereinafter the Bank), agreed to issue a $50,000 letter of credit in favor of the plaintiffs, as beneficiaries, to substitute for the surety bond which the Elemco parties were required to maintain to secure payment of their employee benefit contributions. In accordance with the agreement, on June 15, 2009, the Bankruptcy Court issued an interim order which authorized the Elemco parties to borrow a $50,000 letter of credit for the benefit of the plaintiffs, to terminate either upon a sale of the Elemco parties' assets, the Elemco parties obtaining a surety bond, or December 31, 2009.

More than two months later, on September 4, 2009, the Bank issued a letter of credit in favor of the plaintiffs, which provided for payment of the sum of $50,000 upon presentation of the instrument together with a sight draft and "a final Order of the United States Bankruptcy Court certifying that Elemco Testing Company, Inc. has failed to satisfactorily remit funds due." By its stated terms, the letter of credit was to expire on September 4, 2010, one year after its issuance.

On September 1, 2010, three days before the stated expiration date of the letter of credit, the plaintiff John Gilday, the EIB's executive director, presented the instrument to the Bank, accompanied by a signed sight draft and a final order of the Bankruptcy Court, dated August 10, 2010, which found that Elemco Testing Company, Inc., had "failed to satisfactorily remit funds due to EIB." The Bank refused to make payment, taking the position that under the terms of the agreement

reached in the Bankruptcy Court proceeding prior to the issuance of the letter of credit, as set forth in the Bankruptcy Court order dated June 15, 2009, the letter of credit had actually terminated on May 13, 2010, when the Bankruptcy Court authorized the Elemco parties to close on a sale of their assets. The plaintiffs then commenced this action seeking to recover payment pursuant to the letter of credit. After joinder of issue, the plaintiffs moved for summary judgment on the complaint. The Supreme Court denied the motion, concluding that there was an issue of fact as to whether the letter of credit had actually expired upon the sale of the Elemco parties' assets. The plaintiffs appeal, and we reverse.

Letters of credit are commercial instruments that provide a beneficiary "with a guaranteed means of payment from a creditworthy third party (the issuer) in lieu of relying solely on the financial status of a buyer or borrower (the applicant)" (*Nissho Iwai Europe v Korea First Bank*, 99 NY2d 115, 119 [2002]). Under a letter of credit, the issuer must honor a draft or demand for payment from the beneficiary so long as the documents presented conform to the terms of the letter of credit (*see* UCC 5-108 [a]; *Gillman v Chase Manhattan Bank*, 73 NY2d 1, 12 [1988]; *J & D Einbinder Assoc. v ICC Performance 3 Ltd. Partnership*, 242 AD2d 366, 367 [1997]). "The issuer's obligation to honor a properly presented draft is independent of any underlying contractual arrangement between the account party (i.e., its customer) and the beneficiary" (*Gillman v Chase Manhattan Bank*, 73 NY2d at 12). This independence principle is codified in UCC 5-103 (d), which provides that the rights of a beneficiary under a letter of credit "are independent of the existence, performance, or nonperformance of a contract or arrangement out of which the letter of credit arises or which underlies it, including contracts or arrangements between the issuer and the applicant" (*see Banco Nacional De México, S.A., Integrante Del Grupo Financiero Banamex v Societe Generale*, 34 AD3d 124, 128 [2006]).

Furthermore, New York has "long adhered to the principle that letters of credit must be strictly construed and performed in compliance with their stated terms" (*Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 121; *see United Commodities-Greece v Fidelity Intl. Bank*, 64 NY2d 449, 455 [1985]). "The reason for this rule is rooted in the very purpose of a letter of credit: '[b]y conditioning payment solely upon the terms set forth in the letter of credit, the justifications for an issuing bank's refusal to honor the credit are severely restricted, thereby assuring the reliability of letters of credit as a payment

mechanism' " (*Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 121, quoting *Voest-Alpine Intl. Corp. v Chase Manhattan Bank, N.A.*, 707 F2d 680, 682 [1983]).

Applying these principles here, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the complaint by demonstrating that they presented the letter of credit to the Bank for payment prior to the expiration date set forth on the face of the instrument, and that their presentment conformed to the letter of credit by including a sight draft and a final order of the Bankruptcy Court certifying that Elemco Testing Company, Inc., "has failed to satisfactorily remit funds due to EIB" (*see* UCC 5-108 [a]; *Imptex Intl. Corp. v HSBC Bank USA, N.A.*, 52 AD3d 215 [2008]; *Pacific Gas & Elec. Co. v Banca Nazionale Del Lavoro, S.p.A.*, 8 AD3d 76 [2004]; *J & D Einbinder Assoc. v ICC Performance 3 Ltd. Partnership*, 242 AD2d at 368).

In opposition to the plaintiffs' prima facie showing that they timely presented the letter of credit for payment together with the documents required by the terms of the instrument, the Bank failed to raise a triable issue of fact. The Bank opposed the motion by offering evidence that the Bankruptcy Court order authorizing the Elemco parties to borrow a $50,000 letter of credit provided, inter alia, for termination of the letter of credit upon the sale of the Elemco parties' assets, which occurred in or around May 2010. However, the letter of credit created a distinct contractual relationship between the plaintiffs as beneficiaries and the Bank as issuer, which was independent of the Bankruptcy Court order authorizing the Elemco parties to obtain the letter of credit to provide security for the Elemco parties' obligations under the collective bargaining agreement (*see* UCC 5-103 [d]; *Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 120; *First Commercial Bank v Gotham Originals*, 64 NY2d 287, 294 [1985]; *Banco Nacional De México, S.A., Integrante Del Grupo Financiero Banamex v Societe Generale*, 34 AD3d at 128-129; *Blonder & Co., Inc. v Citibank, N.A.*, 28 AD3d 180, 181 [2006]). Thus, the fact that the Bankruptcy Court order set forth a termination date for the letter of credit that was at variance with the stated terms of the instrument itself is not a defense to the Bank's refusal to make payment in accordance with its obligation to the plaintiffs. Accordingly, the plaintiffs' motion for summary judgment on the complaint should have been granted (*see Nissho Iwai Europe v Korea First Bank*, 99 NY2d at 123-124; *Pacific Gas & Elec. Co. v Banca Nazionale Del Lavoro, S.p.A.*, 8 AD3d 76 [2004]; *J & D Einbinder Assoc. v ICC Performance 3 Ltd. Partnership*, 242 AD2d at 368). Eng, P.J., Skelos, Lott and Cohen, JJ., concur.