■ MINA BEHAROVIC, Respondent, v 18 EAST 41ST STREET PARTNERS, INC., Defendant/Third-Party Plaintiff-Appellant. PERFECT BUILDING MAINTENANCE CORP. et al., Third-Party Defendants-Respondents. [1 NYS3d 158]—

In an action to recover damages for personal injuries, the de-

fendant/third-party plaintiff appeals (1) from an order of the Supreme Court, Kings County (Vaughan, J.), dated September 19, 2012, which denied its motion for summary judgment dismissing the complaint, and (2), as limited by its brief, from so much of an order of the same court, also dated September 19, 2012, as granted that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint and denied its cross motion for summary judgment on its third-party causes of action for contractual indemnification and to recover damages for breach of contract to procure insurance.

Ordered that the first order dated September 19, 2012, is affirmed, without costs or disbursements; and it is further,

Ordered that the second order dated September 19, 2012, is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party complaint is denied, and the defendant/third-party plaintiff's cross motion for summary judgment on its third-party causes of action for contractual indemnification and to recover damages for breach of contract to procure insurance is granted.

In January 1999, the third-party defendants Perfect Building Maintenance Corp. (hereinafter PBM) and Consolidated Maintenance Systems, Inc. (hereinafter together the PBM respondents), entered into a contract with the defendant/third-party plaintiff 18 East 41st Street Partners, Inc. (hereinafter 18 East), to perform cleaning and maintenance services at 18 East's building located at 18 East 41st Street in Manhattan. The agreement contained insurance procurement and indemnification provisions. The plaintiff, an employee of PBM, fell on stairs while performing her cleaning duties for PBM. The plaintiff commenced an action to recover damages for personal injuries against 18 East. 18 East commenced a third-party action against the PBM respondents, alleging causes of action sounding in, among other things, contractual indemnification and failure to procure insurance. The PBM respondents moved, inter alia, for summary judgment dismissing the third-party complaint, and 18 East cross-moved for summary judgment on its third-party causes of action for contractual indemnification and to recover damages for breach of contract to procure insurance. The Supreme Court granted the PBM respondents' motion and denied 18 East's cross motion. 18 East also moved for summary judgment dismissing the complaint, and the court denied that motion. 18 East appeals from both orders.

"A defendant who moves for summary judgment in a premises liability case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it" (*Bravo v 564 Seneca Ave. Corp.*, 83 AD3d at 634; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Here, 18 East failed to eliminate triable issues of fact as to whether it had constructive notice of the allegedly dangerous condition for a sufficient length of time before the accident to have permitted it to discover and remedy it (*see Garris v Lindemann*, 117 AD3d 785 [2014]; *Machicado v Paradise*, 112 AD3d 680 [2013]; *Lantigua v 700 W. 178th St. Assoc.*, 1 AD3d 151 [2003]). In support of its motion, 18 East submitted a transcript of the plaintiff's deposition testimony, in which she stated, in response to a question asking her to identify the cause of her fall, that the subject stairs were shaky and the carpet was loose. Thus, contrary to 18 East's contention, the plaintiff sufficiently identified the cause of her fall during her deposition (*see Lamour v Decimus*, 118 AD3d 851 [2014]; *Howe v Flatbush Presbyt. Church*, 48 AD3d 419, 420 [2008]). The plaintiff further testified that the stairs had been shaky for years and that she complained about the stairs to her supervisor two or three years before her accident. Although 18 East also submitted transcripts of the deposition testimony of the superintendent of the subject building, who used the subject stairs monthly, and the nighttime porter employed by the PBM respondents, who cleaned the stairs weekly, which indicated that they never noticed any dangerous condition with respect to the stairs, this simply raised a question of credibility which may not be resolved on a motion for summary judgment (*see Kolivas v Kirchoff*, 14 AD3d 493 [2005]). Accordingly, the Supreme Court properly denied 18 East's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court should have denied that branch of the PBM respondents' motion which was for summary judgment dismissing the third-party complaint, and should have granted 18 East's cross motion for summary judgment on its third-party

causes of action for contractual indemnification and to recover damages for breach of contract to procure insurance. The indemnification provision in the contract between 18 East and the PBM respondents provided for indemnification when the claim arose out of the PBM respondents' work, even if the PBM respondents had not been negligent. Therefore, although no evidence was submitted as to negligence on the part of the PBM respondents, the indemnification agreement required PBM to indemnify 18 East (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]; *Ulrich v Motor Parkway Props., LLC*, 84 AD3d 1221, 1224 [2011]). The contractual indemnification provision does not violate General Obligations Law § 5-322.1, as it states that PBM is not required to indemnify 18 East for 18 East's own negligence (*see Ulrich v Motor Parkway Props., LLC*, 84 AD3d at 1224). Furthermore, 18 East established its prima facie entitlement to judgment as a matter of law on its third-party cause of action to recover damages for breach of contract to procure insurance, by demonstrating that the PBM respondents failed to procure the specific coverage required under the insurance provisions of the subject contract (*see Lima v NAB Constr. Corp.*, 59 AD3d 395, 397 [2009]; *Nrecaj v Fisher Liberty Co.*, 282 AD2d 213, 214 [2001]). In opposition, the PBM respondents failed to raise a triable issue of fact. Accordingly, the Supreme Court should have denied that branch of the PBM respondents' motion which was for summary judgment dismissing the third-party complaint, and should have granted 18 East's cross motion for summary judgment on its third-party causes of action for contractual indemnification and to recover damages for breach of contract to procure insurance. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.