Urquia v Deegan 135 Realty LLC (2024 NY Slip Op 05080)

Urquia v Deegan 135 Realty LLC

2024 NY Slip Op 05080

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 22340/19 Appeal No. 2817 Case No. 2023-05286 

[*1]Jose Luis Urquia, Plaintiff-Appellant-Respondent,
v
Deegan 135 Realty LLC, et al., Defendants-Respondents, Chess Properties LLC, et al., Defendants,

Deegan 135 Realty LLC, et al. Third-Party Plaintiffs-Respondents,
v
Capital Concrete NY, Inc., Third-Party Defendant-Respondent-Cross-Appellant.

Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for appellant-respondent.
Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for respondent-appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn (Andrew D. Showers of counsel), for Deegan 135 Realty LLC and Chess Builders LLC, respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 28, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, denied so much of third-party defendant Capital Concrete NY, Inc.'s (Capital) motion for summary judgment dismissing plaintiff's complaint, denied Capital summary judgment dismissing defendants'/third-party-plaintiffs' claims for contractual indemnification and breach of contract for failure to procure insurance, granted defendants'/third-party-plaintiffs' motion for contractual indemnification to the extent of awarding such relief to defendant/third-party general contractor Chess Builders LLC (Chess), denied the branch of Capital's motion to preclude affidavits and/or testimony from nonparty witness Alexander Diaz Ordaz for noncompliance with a judicial subpoena, and granted so much of defendants/third-party plaintiffs' motion, as owner Deegan 135 Realty LLC (Deegan) and general contractor (Chess), for summary judgment dismissing the third-party cross-claims for common-law indemnification and contribution, unanimously modified, on the law, to grant plaintiff summary judgment on his Labor Law § 240(1) claim, grant the branch of Capital's motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim predicated upon 12 NYCRR 23-1.7(a)(1), and dismiss Deegan/Chess' third-party contractual indemnification claim to the extent it is barred by the anti-subrogation rule, and upon a search of the record, grant Deegan/Chess summary judgment on their third-party contractual indemnification claim to the extent of any liability within the subcontract's umbrella/excess requirements, as well as grant Deegan/Chess summary judgment on their third-party claim for breach of contract for failure to procure insurance, and otherwise affirm, without costs.
Initially, plaintiff's claim that Capital, as a third-party defendant, lacked standing to seek summary judgment dismissing plaintiff's complaint, is unavailing (see CPLR 1008; Houston Cas. Co. v Cavan Corp. of NY, Inc., 158 AD3d 536 [1st Dept 2018]).
Plaintiff is entitled to partial summary judgment on his Labor Law § 240(1) claim. Plaintiff met his prima facia burden by establishing that he was injured when he was hit by 20-to-30-pound small beams falling from the ceiling, causing him to lose balance while standing on an unsecured ladder (see Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173 [1st Dept 2004]), and Capital's evidence in opposition to this claim did not raise a triable issue of fact.
Plaintiff's reliance on 12 NYCRR 23-1.7(a)(1) in support of his Labor Law § 241(6) claim is misplaced. Such regulation cannot reasonably be interpreted as applying to the facts of this case given that the overhead planking protection called for under 23-1.7(a)(1) would interfere with plaintiff's ability to perform his work stripping forms from the ceiling (see [*2]generally Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]). In any event, plaintiff did not offer sufficient proof to show the overhead protection specified in 23-1.7(a)(1) was needed, as there was no proof that people were required to work or pass through the basement floor under construction, or that the area was normally exposed to falling material or objects (see Peters v Structure Tone, Inc., 204 AD3d 523, 524 [1st Dept 2022]).
Since there is conflicting evidence as to whether the beamed structure that supported the concrete forms was complete and erected as designed, triable issues exist as to whether 12 NYCRR 23-2.2(a), (b) and (c)(1) were violated, precluding a grant of summary judgment to either party on that claim.
Since Deegan/Chess are named as additional insureds on Capital's Commercial General Liability policy (CGL), their third-party claims for contractual indemnification are barred by the anti-subrogation rule (see Pastorino v City of New York, 191 AD3d 440 [1st Dept 2021]). However, to the extent Deegan's/Chess' contractual indemnification claims seek relief in the event a liability award exceeds the CGL policy limits, the umbrella/excess liability coverage required under the subcontract terms would be triggered.
Capital's argument for summary judgment dismissing Deegan's/Chess' third-party claim for breach of contract is unavailing. Deegan/Chess established their prima facie entitlement to summary judgment on such claim based on proof demonstrating Capital did not obtain an umbrella/excess policy that named Deegan and Chess as additional insureds, as required by the terms of the subcontract agreement at issue (see Douglas v Roseland Dev. Assoc., LLC, 225 AD3d 467 [1st Dept 2024]; Beharovic v 18 E. 41st St. Partners, Inc., 123 AD3d 953 [2d Dept 2014]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024