Quintero v 240 Crossways Park Owner, LLC (2025 NY Slip Op 04738)

Quintero v 240 Crossways Park Owner, LLC

2025 NY Slip Op 04738

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-07244
 (Index No. 604674/21)

[*1]Edward Quintero, plaintiff,
v
240 Crossways Park Owner, LLC, et al., defendants third-party plaintiffs-appellants; Air Stream Air Conditioning Corp., third-party defendant-respondent.

Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Glenn A. Kaminska and Jennifer B. Adler], of counsel), for defendants third-party plaintiffs-appellants.
Nicole E. Lesperance, Melville, NY (David R. Holland of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action, inter alia, for contractual indemnification and alleging breach of contract for failure to procure insurance, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Nassau County (Francis Ricigliano, J.), dated May 16, 2024. The order, insofar as appealed from, granted those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the third-party defendant's motion which was for summary judgment dismissing the cause of action for contractual indemnification, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On June 2, 2020, the plaintiff, an employee of Air Stream Air Conditioning Corp. (hereinafter Air Stream), went to 240 Crossways Park Drive West (hereinafter the building) to perform routine maintenance on the building's rooftop air conditioning system. The plaintiff allegedly tripped over a pipe, causing him to fall and sustain injuries. In April 2021, the plaintiff commenced this action against 240 Crossways Park Owner, LLC, C.L.K. Management Corp., CLK Commercial Construction, LLC, CLK Commercial Mgmt, LLC, CLK Commercial Properties, LLC, and CLK Office Administration, LLC (hereinafter collectively the owners), alleging negligence. Thereafter, the owners commenced a third-party action against Air Stream, inter alia, for contractual indemnification and alleging breach of contract for failure to procure insurance. Air Stream moved, among other things, for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance. In an order dated May 16, 2024, the Supreme Court, inter alia, granted those branches of Air Stream's motion. The owners appeal.
"A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Feliz v Citnalta Constr. Corp., 217 AD3d 750, 752 [internal quotation marks omitted]; see Keller v Rippowam Cisqua Sch., 208 AD3d 654, 655). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Khan v 40 Wall Ltd. Partnership, 205 AD3d 789, 791 [internal quotation marks omitted]). "A party that moves for summary judgment dismissing a claim for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim" (Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 970 [internal quotation marks omitted]).
Here, an agreement between the owners and Air Stream provided that the owners could be indemnified based on either Air Stream's presence at the building or "as a result of or consequence of the performance of the Service, whether or not caused in whole or in part by [Air Stream] . . . , including any . . . employees" and that Air Stream would indemnify the owners "except to the extent by or due to the negligence of the [o]wner[s]." As there had not been a determination as to negligence, granting that branch of Air Stream's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification was premature (see Tingling v C.I.N.H.R., Inc., 120 AD3d 570, 571). The agreement also provided that the owners could be partially indemnified for Air Stream's presence at the building, regardless of whether Air Stream was negligent (see Beharovic v 18 E. 41st St. Partners, Inc., 123 AD3d 953, 956). Accordingly, the Supreme Court should have denied that branch of Air Stream's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, regardless of the sufficiency of the owners' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"Summary judgment dismissing a cause of action alleging failure to procure additional insured coverage is warranted where the movant demonstrates, prima facie, that it procured the requisite insurance" (Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d at 969). The owners contend that the insurance policy Air Stream submitted in support of its motion failed to demonstrate that the owners were named as additional insureds pursuant to the agreement between the owners and Air Stream. Although the owners raised this contention for the first time on appeal, we reach the contention because it presents a pure question of law appearing on the face of the record which could not have been avoided if raised at the proper juncture (see Rahmonov v Purves Dev., LLC, 236 AD3d 941, 941; Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d at 969). The Supreme Court did not err in granting that branch of Air Stream's motion which was for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance. Air Stream established, prima facie, that it procured the requisite insurance, and no triable issue of fact was raised in opposition (see Georges v Resorts World Casino N.Y. City, 189 AD3d 1549, 1551; McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1098).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court