■ JOSE FAJARDO, Appellant, v TRANS WORLD EQUITIES Co. et al., Respondents. (And Other Third-Party Actions.) [729 NYS2d 488] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 11, 2001, which, to the extent appealed from as limited by the brief, denied plaintiff's motion for partial summary judgment upon his Labor Law § 240 claims, unanimously affirmed, without costs.

Plaintiff testified that he unhooked his safety harness just before moving to the area of the scaffold from which he fell. While plaintiff maintains that it was necessary to unhook the safety harness since the safety line to which it was attached was not long enough to permit him to reach his workplace on the scaffold without detaching it, there is conflicting evidence as to the length of the safety line and thus as to whether it was in fact necessary for plaintiff to unhook his harness as he did. Accordingly, in view of the factual issue raised as to whether plaintiff simply refused to utilize the safety device furnished him or was compelled to forgo its protection by reason of the device's inadequacy under the circumstances, a triable issue is raised as to whether plaintiff's own actions were the sole proximate cause of the fall (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958), and summary judgment was properly denied with respect to plaintiff's claim pursuant to Labor Law § 240 (1). Summary judgment was also properly denied with respect to plaintiff's purported Labor Law § 240 (2) claim, since no such claim was alleged in plaintiff's complaint or, so far as can be determined from the appellate record, in his supplemental bill of particulars. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.