■ JOHN McMANN, et al., Plaintiffs, v A.R. MACK CONSTRUCTION CO., INC., et al., Defendant. A.R. MACK CONSTRUCTION CO.,

INC., et al., Third-Party Plaintiffs-Respondents, v APPLE ROOF-
ING, Third-Party Defendant, and PAGAN CONSTRUCTION, INC.,
Third-Party Defendant-Appellant. [778 NYS2d 830]—

Appeal from an order of the Supreme Court, Onondaga
County (Anthony J. Paris, J.), entered March 24, 2003, in an ac-
tion to recover damages for personal injuries. The order granted
the motion of third-party plaintiffs for leave to amend the third-
party complaint to remove third-party defendant Apple Roofing
as a party and to dismiss the cross claim against it.

It is hereby ordered that the order so appealed from be and
the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking dam-
ages for injuries sustained by plaintiff John McMann, an em-
ployee of third-party defendant Pagan Construction, Inc.
(Pagan), at a construction site. Defendant A.R. Mack Construc-
tion Co., Inc. (Mack), the general contractor, commenced a third-
party action against subcontractor Apple Roofing (Apple) and
Pagan, Apple's subcontractor. In its answer to the third-party
complaint, Pagan interposed a cross claim against Apple in the
event Pagan is determined to be liable to plaintiffs.

Supreme Court properly granted the motion of Mack and de-
fendant Church of the Holy Family for leave to amend the third-
party complaint by, inter alia, "dropp[ing]" Apple as a party
and to dismiss the cross claim of Pagan against Apple. Apple is
an "additional insured" under Pagan's policy of insurance, and
Pagan's maintenance of a cross claim against Apple is violative
of the antisubrogation rule, under which "[a]n insurer . . . has
no right of subrogation against its own insured for a claim aris-
ing from the very risk for which the insured was covered" (*North
Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294
[1993]; *see Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68
NY2d 465, 468 [1986]). Pagan contends that an exclusion in its
policy for bodily injury to an employee extends to an employee
of an additional insured such as Apple and that the antisubroga-

tion rule thus does not apply (*see Franklin v Stillwater Hydro Partners*, 255 AD2d 998, 998-999 [1998]). However, Pagan's policy expressly states that "[t]his [bodily injury to an employee] exclusion does not apply to liability assumed by the insured under an 'insured contract.'" The antisubrogation rule therefore applies, so as to "prevent the insurer from passing the incidence of loss to its own insured and to guard against the potential for conflict of interest that may affect the insurer's incentive to provide a vigorous defense for its insured" (*North Star Reins. Corp.*, 82 NY2d at 294). Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.