■ PROGRESSIVE INSURANCE COMPANY, Appellant, v JOHN LENNON et al., Respondents, et al., Defendant. [878 NYS2d 395]—

In a subrogation action to recover insurance benefits alleged to have been paid on behalf of the plaintiff's insured, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated March 28, 2008, as granted that branch of the motion of the defendants John Lennon and Geico Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against them, and granted that branch of the cross mo-

tion of the defendants Christopher M. George and Unitrin Direct Auto Insurance which was for summary judgment dismissing the complaint insofar as asserted against the defendant Christopher M. George.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The decedent Alan H. Kenwood was killed, and his daughter Kristen Kenwood (hereinafter Kristen) was injured, when the decedent's motorcycle was struck by a vehicle operated by the defendant John Lennon, who swerved his vehicle in an attempt to avoid a vehicle operated by the defendant Christopher M. George. The decedent was covered by an insurance policy issued by the plaintiff, Lennon was insured by the defendant GEICO insurance company (hereinafter Geico), and George was insured by the defendant Unitrin Direct Auto Insurance (hereinafter Unitrin). After the accident Geico tendered the limits of Lennon's policy to settle the wrongful death claim asserted against Lennon by the decedent's estate and the claim for bodily injury asserted against Lennon by Kristen. Unitrin denied liability on behalf of George.

The plaintiff subsequently commenced this action against Lennon, George, and their respective insurance companies, alleging that it had paid Kristen and the decedent's estate $200,000 in settlement of their respective claims. It alleged that it had "fronted" $75,000 on behalf of Geico, and paid $125,000 pursuant to its own policy. The defendants Lennon and Geico moved, and the defendants George and Unitrin cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them, and the Supreme Court granted the motion and cross motion. We affirm.

"An insurer's subrogation rights accrue upon payment of the loss" (*Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 582 [1995]; *Allstate Ins. Co. v Stein*, 1 NY3d 416, 421 [2004]; *Liberty Mut. Ins. Co. v Clark*, 296 AD2d 442, 442-443 [2002]). The defendants established their respective prima facie entitlement to summary judgment by demonstrating that the plaintiff commenced this action before its subrogation cause of action accrued (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.*, 235 AD2d 523, 525 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether it had paid the claimed amounts (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur.