■ ART CAPITAL PARTNERS, LP, et al., Respondents-Appellants, v TYCO ACQUISITION CORP. XVIII, Now Known as M/A-COM TECH HOLDINGS, INC., et al., Appellants-Respondents. [898 NYS2d 745]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered December 4, 2008 in an action for, inter alia, breach of contract. The order, among other things, denied in part defendants' motion for partial summary judgment and denied in part plaintiffs' motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs, former shareholders of Advanced Refractory Technologies (ART), commenced this action for, inter alia, breach of contract as a result of defendants' allegedly improper refusal to pay out certain funds following a completed corporate merger. Pursuant to the terms of the Amended and Restated Agreement and Plan of Merger (Merger Agreement), whereby ART was acquired by defendant Tyco Acquisition Corp. XVIII, now known as M/A-Com Tech Holdings, Inc. (Tyco Acquisition), and the terms of the Holdback Agreement, Tyco Acquisition was entitled to hold back a certain portion of the purchase price for ART to protect it against the possibility that the value of ART's net assets on the closing date of the merger was lower than the threshold specified in the Merger Agreement.

Defendants appeal and plaintiffs cross-appeal from an order denying in part the respective motions of plaintiffs and defendants and the cross motion of defendants. We affirm. We note at the outset that defendants contend for the first time on appeal that, pursuant to the terms of the Merger Agreement, plaintiffs waived the causes of action asserted in the complaint. "A question of law appearing on the face of the record may be raised for the first time on appeal if it could not have been avoided by the opposing [parties] if brought to [their] attention in a timely manner" (*Oram v Capone*, 206 AD2d 839, 840 [1994]), and that is the case here. We nevertheless conclude that defendants' contention is without merit.

We reject the further contention of defendants that Supreme Court erred in denying that part of their motion for partial summary judgment dismissing the breach of contract cause of action against all defendants except Tyco Acquisition, the only defendant that signed the Merger Agreement. Applying the law of Delaware, as we must in this case (*see generally Sweeney, Cohn, Stahl & Vaccaro v Kane*, 6 AD3d 72, 75 [2004], *lv dismissed* 3 NY3d 751 [2004]), we conclude that there are tri-

able issues of fact whether Tyco Acquisition is a mere instrumentality or alter ego of one or all of the remaining defendants (*see generally Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v Wood*, 752 A2d 1175, 1183-1184 [Del 1999]; *Geyer v Ingersoll Publs. Co.*, 621 A2d 784, 793 [Del 1992]). Contrary to the contention of defendants, the court properly granted that part of plaintiffs' motion for partial summary judgment dismissing the counterclaims asserted by Tyco Acquisition and defendants Tyco International Ltd. and M/A-Com Ceram, Inc., now known as M/A-Com, Inc. To the extent that those counterclaims seek indemnification, defendants failed to comply with the notice requirements concerning indemnification set forth in the Merger Agreement.

We reject the contention of plaintiffs on their cross appeal that the court erred in granting that part of defendants' motion for partial summary judgment dismissing the cause of action for fraudulent inducement. Where, as here, the allegedly fraudulent statements were "not merely inducements to contract but were actually part of the express terms of the contract," a plaintiff must seek relief in a cause of action for breach of contract (*C.B. W. Fin. Corp. v Computer Consoles*, 122 AD2d 10, 12 [1986]; *see Wegman v Dairylea Coop.*, 50 AD2d 108, 112-113 [1975], *lv dismissed* 38 NY2d 710, 918 [1976]). Further, it cannot be said that plaintiffs justifiably relied on the statements in a letter of intent sent by defendant Tyco Electronics Corporation to ART, which allegedly contained material misrepresentations (*see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]).

Contrary to the further contention of plaintiffs on their cross appeal, the court properly granted that part of the cross motion of defendants seeking to limit plaintiffs' right to a jury trial "to only those [causes of action], if any, that did not arise out of the Merger Agreement." Because plaintiffs are third-party beneficiaries of the Merger Agreement, they are constrained by the waiver of the right to a jury trial contained therein (*see generally Matter of Union Indem. Ins. Co. of N.Y.*, 200 AD2d 99, 108 [1994], *affd* 89 NY2d 94 [1996]; Restatement [Second] of Contracts § 309, Comment *b*). Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.