# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

873

CA 11-00424

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, GREEN, AND GORSKI, JJ.

---

ANNA STRANZ, PLAINTIFF,

                    V                                    MEMORANDUM AND ORDER

NEW YORK STATE ENERGY RESEARCH AND DEVELOPMENT
AUTHORITY (NYSERDA), BURNS INTERNATIONAL SECURITY
SERVICES CORPORATION AND SECURITAS SECURITY
SERVICES USA, INC., DEFENDANTS.
-------------------------------------------------------
NEW YORK STATE ENERGY RESEARCH AND DEVELOPMENT
AUTHORITY (NYSERDA), THIRD-PARTY PLAINTIFF,
BURNS INTERNATIONAL SECURITY SERVICES CORPORATION
AND SECURITAS SECURITY SERVICES USA, INC.,
THIRD-PARTY PLAINTIFFS-RESPONDENTS,

                    V

WEST VALLEY NUCLEAR SERVICES COMPANY, LLC,
THIRD-PARTY DEFENDANT-APPELLANT.

---

PHILLIPS LYTLE LLP, BUFFALO (WILLIAM D. CHRIST OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-APPELLANT.

EDWARD C. COSGROVE, BUFFALO (J. MICHAEL LENNON OF COUNSEL), FOR
THIRD-PARTY PLAINTIFFS-RESPONDENTS.

---

        Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered April 26, 2010 in a personal injury action. The order, insofar as appealed from, denied that part of third-party defendant's motion seeking summary judgment against defendant-third-party plaintiffs Burns International Security Services Corporation and Securitas Security Services USA, Inc.

        It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion of third-party defendant West Valley Nuclear Services Company, LLC for summary judgment dismissing the second third-party complaint of third-party plaintiffs Burns International Security Services Corporation and Securitas Security Services USA, Inc. and for summary judgment on its counterclaim against those third-party plaintiffs for up to the sum of $250,000 in costs incurred in defending itself in the third-party action with respect to third-party plaintiff New York State Energy Research and Development Authority (NYSERDA) and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on an icy staircase at the Western New York Nuclear Service Center (hereafter, Site). Although the Site was owned by New York State, defendant-third-party plaintiff New York State Energy Research and Development Authority (NYSERDA) assumed jurisdiction over it.  Pursuant to a "cooperative agreement" between NYSERDA and the United States Department of Energy (DOE), the DOE operated a high level radioactive waste management project at the Site.  The record establishes that the DOE contracted with third-party defendant West Valley Nuclear Services Company, LLC (West Valley) to manage and operate the Site, and that West Valley in turn contracted with defendant-third-party plaintiff Burns International Security Services Corporation and its successor in interest, defendant-third-party plaintiff Securitas Security Services USA, Inc. (collectively, Burns), for Burns to provide security services on the Site.  Incorporated into the two purchase order contracts between West Valley and Burns for the provision of the security services were West Valley's General Provisions for Commercial Items (General Provisions).

Two provisions in the General Provisions are relevant to this appeal taken by West Valley.  Section 13A required Burns to indemnify and hold harmless West Valley from and against, inter alia, any and all claims, actions, causes of action, expenses and liabilities resulting from any injury to any person alleged to have occurred as a result of or in connection with the performance of Burns's contractual duties, except for any injuries that resulted "directly from the sole negligence" of West Valley.  Section 13B required Burns to "procure . . . and . . . maintain . . ., while any work or Services are being performed, and for such periods thereafter as may be 'necessary under the circumstances' . . . insurance sufficient to protect . . . [West Valley] . . . against any and all liability, or alleged liability, with respect to bodily injury . . . arising pursuant to [the purchase orders]."  Also pursuant to the General Provisions, the insurance policy was to contain a provision stating that the insurer agreed to waive " 'any rights of subrogation against [West Valley] . . . which might arise by reason of any payment under this policy.' "  West Valley was to be named as an additional insured in the insurance policy.

The insurance policy obtained by Burns contained the requisite waiver of subrogation clause, named West Valley as an additional insured and provided single incident coverage of $1 million.  That coverage, however, was in excess of a self-insured retention (SIR) of $250,000.

After plaintiff commenced her action against NYSERDA and Burns, they commenced separate third-party actions against West Valley.  In its third-party answer in the NYSERDA third-party action, West Valley asserted a cross claim against Burns for common-law indemnification. In its amended third-party answer in the Burns third-party action, West Valley asserted two counterclaims, the first seeking contractual indemnification from Burns and the second seeking a defense from Burns or its insurer in the NYSERDA third-party action.  West Valley

thereafter moved for, inter alia, summary judgment dismissing the Burns "second third-party complaint" and for summary judgment on its two counterclaims.  We conclude that Supreme Court erred in denying West Valley's motion with respect to Burns in its entirety.  Rather, we conclude that the court should have granted those parts of the motion for summary judgment dismissing Burns's second third-party complaint and for summary judgment on the counterclaim seeking defense costs in the NYSERDA third-party action, but only up to the sum of $250,000.  We therefore modify the order accordingly.

With respect to that part of its motion for summary judgment dismissing Burns's second third-party complaint, West Valley contends that the second third-party complaint is barred by both the contractual waiver of subrogation provision and the antisubrogation rule.  Contrary to the contention of Burns, West Valley's assertion with respect to the contractual waiver of subrogation is preserved for our review.  Furthermore, although Burns is correct that the assertion with respect to the antisubrogation rule is not preserved for our review, West Valley may raise that assertion for the first time on appeal because it involves " '[a] question of law appearing on the face of the record . . . [that] could not have been avoided by [Burns] if brought to [its] attention in a timely manner' " (*Art Capital Partners, LP v Tyco Acquisition Corp. XVIII*, 71 AD3d 1404, 1405, quoting *Oram v Capone*, 206 AD2d 839, 840).

Nevertheless, although both assertions are properly before us, we conclude that the contractual waiver of subrogation provision does not constitute a basis for granting that part of the motion for summary judgment dismissing Burns's second third-party complaint.  Here, the contract stated only that the insurance policy must contain a waiver of subrogation clause that would bar the insurer providing the insurance policy from seeking subrogation against West Valley.  That contractual provision does not preclude Burns from seeking subrogation against West Valley.

We further conclude, however, that West Valley's assertion with respect to the antisubrogation rule does constitute a basis for granting that part of the motion for summary judgment dismissing Burns's second third-party complaint.  It is well established that "an insurance carrier has no right of subrogation against its own insured to recover for a claim the insurer has paid that arose out of 'the very risk for which the insured was covered' " (*Fitch v Turner Constr. Co.*, 241 AD2d 166, 170; *see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294-295; *McMann v A.R. Mack Constr. Co., Inc.*, 8 AD3d 1083, 1084).  Because Burns procured an insurance policy that has an SIR, Burns has become an insurer (*see New York State Thruway Auth. v KTA-Tator Eng'g Servs., P.C.*, 78 AD3d 1566, 1567-1568), and therefore is not entitled to seek payment from its insured, West Valley.

With respect to the counterclaim seeking to require Burns or its insurer to provide West Valley with a defense in the NYSERDA third-party action, we conclude that West Valley is entitled to recover from Burns defense costs up to the sum of $250,000, the amount of the SIR.

Pursuant to section 13B of the General Provisions of the two purchase order contracts in question, Burns was to procure and maintain insurance that would insure West Valley, as an additional insured, against "any and all liability" that arose pursuant to the contracts. The phrase "[a]ny and all liability" includes the cost of a defense. "[I]t is well settled that an insurer's duty to defend [its insured] is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage . . . The duty to defend [an] insured[] . . . is derived from the allegations of the complaint and terms of the policy.  If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend" (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [internal quotation marks omitted]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137; *Henderson v New York Cent. Mut. Fire Ins. Co.*, 56 AD3d 1141, 1142).  Because the allegations of the complaint in the main action potentially bring the claims within the protection of the insurance coverage purchased, the *insurer* would be required to provide West Valley with a defense (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v City of Oswego*, 295 AD2d 905, 905-906; *see also Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175).  In the motion underlying the appeal, however, West Valley is seeking to require Burns, rather than the insurer from whom Burns purchased the insurance, to provide West Valley with a defense.  Although West Valley bases its contention on the argument that Burns breached the contracts by obtaining an insurance policy that had a SIR of $250,000, our conclusion is the same regardless of the argument that Burns breached the contract.  In the event that Burns in fact breached the contracts, then it is responsible for any damages that would have been avoided had the correct insurance policy been obtained (*see Kinney v G. W. Lisk Co.*, 76 NY2d 215, 219; *Lima v NAB Constr. Corp.,* 59 AD3d 395, 397; *Moll v Wegmans Food Mkts.*, 300 AD2d 1041, 1042; *Nrecaj v Fisher Liberty Co.*, 282 AD2d 213, 214).  If, on the other hand, Burns did not breach the contracts because the SIR may be deemed to constitute insurance covering West Valley for any and all liability, then Burns has become an insurer for any liability up to the sum of $250,000.  As an insurer, Burns therefore must provide up to the sum of $250,000 in defense costs to West Valley in the NYSERDA action.

We note that, to the extent that West Valley contends for the first time on appeal that it is entitled to a defense in the Burns third-party action as well, that contention is not properly before us (*see generally Hyde v North Collins Cent. School Dist.*, 83 AD3d 1557, 1558; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Finally, we conclude that the court properly denied that part of West Valley's motion for summary judgment on its counterclaim for contractual indemnification.  There is an issue of fact whether Burns and/or West Valley were negligent, and thus any determination whether Burns must provide contractual indemnification to West Valley would be premature (*see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808-809; *Niagara Frontier Transp. Auth. v City of Buffalo Sewer Auth.*, 1 AD3d 893, 895).

Entered:  September 30, 2011

Patricia L. Morgan
Clerk of the Court