# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**445**

**CA 12-00798**

PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

BRETT BELLRENG, PLAINTIFF-APPELLANT-RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

SICOLI & MASSARO, INC. AND LOCKPORT CITY SCHOOL
DISTRICT BOARD OF EDUCATION,
DEFENDANTS-RESPONDENTS-APPELLANTS.
-------------------------------------------------
SICOLI & MASSARO, INC.,
THIRD-PARTY PLAINTIFF-RESPONDENT-APPELLANT,

                    V

GUARD CONSTRUCTION & CONTRACTING, CORP.,
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.
-------------------------------------------------
GUARD CONTRACTING CORP., ALSO KNOWN AS GUARD
CONSTRUCTION & CONTRACTING, CORP., FOURTH-PARTY
PLAINTIFF,

                    V

INNOVATIVE INSULATED SYSTEMS, INC., ALSO KNOWN
AS INNOVATIVE INSULATION INC., FOURTH-PARTY
DEFENDANT.
(APPEAL NO. 2.)

---

CANTOR, DOLCE & PANEPINTO, P.C., BUFFALO (STEPHEN C. HALPERN OF
COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (STEPHEN A. DAVOLI OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-APPELLANTS AND THIRD-PARTY PLAINTIFF-
RESPONDENT-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (BRIAN R. BIGGIE OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

---

        Appeal and cross appeals from an order of the Supreme Court,
Niagara County (Ralph A. Boniello, III, J.), entered March 21, 2012.
The order, inter alia, denied in part the cross motion of plaintiff
for partial summary judgment on liability with respect to the Labor
Law §§ 240 (1), 240 (3) and 241 (6) causes of action.

        It is hereby ORDERED that the order so appealed from is

unanimously modified on the law by granting those parts of the motion of defendant-third-party plaintiff, Sicoli & Massaro, Inc., and defendant Lockport City School District Board of Education for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, and granting that part of the motion for summary judgment on the third-party complaint, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries he sustained when he fell through a roof over the swimming pool at Lockport High School that was being renovated (project). Defendant Lockport City School District Board of Education (Board) hired defendant-third-party plaintiff, Sicoli & Massaro, Inc. (Sicoli), as the general contractor on the project.  Sicoli entered into a subcontract with third-party-defendant-fourth-party plaintiff, Guard Contracting Corp., also known as Guard Construction & Contracting, Corp. (Guard), to remove the existing roof.  Guard, in turn, subcontracted that work to fourth-party defendant, Innovative Insulated Systems, Inc., also known as Innovative Insulation, Inc. (Innovative).  While performing work on the project, plaintiff, an Innovative employee, fell through the deteriorated gypsum roof decking onto a scaffold that had been erected inside the building to prevent debris from falling into the pool.  At the time of his fall, plaintiff had unhooked his safety harness from the steel lifeline that had been placed on the roof.  After plaintiff commenced this action for various Labor Law violations and common-law negligence, Sicoli commenced a third-party action against Guard seeking contractual indemnification. Guard then commenced a fourth-party action against Innovative for, inter alia, contractual and common-law indemnification.

As relevant to appeal No. 1, Guard moved for partial summary judgment on its contractual indemnification cause of action.  Supreme Court denied Guard's motion, and Guard appeals.

As relevant to appeal No. 2, Sicoli moved for summary judgment dismissing the complaint in the main action and for summary judgment on its third-party complaint.  We note that, although Sicoli's motion sought relief for Sicoli alone, the parties as well as the court treated the motion as if it had sought relief for Sicoli and the Board (collectively, defendants).  We will do the same (*see generally* CPLR 2001).  Plaintiff cross-moved for partial summary judgment on liability on the Labor Law §§ 240 (1), 240 (3) and 241 (6) causes of action, and Guard cross-moved for partial summary judgment dismissing plaintiff's Labor Law §§ 200, 240 (1) and 241 (6) causes of action. The court denied that part of defendants' motion and Guard's cross motion with respect to the Labor Law § 200 cause of action; denied that part of the motion and cross motions with respect to the Labor Law § 240 (1) cause of action; granted that part of defendants' motion and, in effect, denied that part of plaintiff's cross motion with respect to the Labor Law § 240 (3) cause of action; and granted that part of defendants' motion and Guard's cross motion and denied that part of plaintiff's cross motion with respect to the Labor Law § 241 (6) cause of action except insofar as it related to 12 NYCRR 23-1.16. Although the court did not explicitly rule on that part of defendants'

motion with respect to the common-law negligence cause of action, "the failure to rule is deemed a denial of that part of the motion" (*Bald v Westfield Academy & Cent. Sch.*, 298 AD2d 881, 882). The court denied that part of defendants' motion for summary judgment on the third-party complaint. Plaintiff appeals, and defendants and Guard cross-appeal.

Addressing first the issues raised in appeal No. 2, we conclude that, contrary to plaintiff's contention, the court properly granted that part of defendants' motion seeking summary judgment dismissing the Labor Law § 240 (3) cause of action. That section, which provides that "[a]ll scaffolding shall be so constructed as to bear four times the maximum weight required to be dependent therefrom or placed thereon when in use[,]" does not apply in this case because the roof decking through which plaintiff fell was not a scaffold (*cf. Caruana v Lexington Vil. Condominiums at Bay Shore*, 23 AD3d 509, 510).

We further conclude that the court properly denied those parts of defendants' motion and the cross motions of plaintiff and Guard with respect to the Labor Law § 240 (1) cause of action. It is well settled that, "[i]n order to prevail on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must establish that an owner or contractor failed to provide appropriate safety devices at an elevated work site and that such violation of the statute was the proximate cause of his or her injuries" (*Vetrano v J. Kokolakis Contr., Inc.*, 100 AD3d 984, 985). Here, plaintiff established that the safety equipment failed to provide proper protection by submitting his deposition testimony, wherein he stated that, although he could have been connected to the steel lifeline at the location where he fell, he was moving to a new work area, and he could not reach that new work area while connected to the lifeline (*see id.* at 985-986; *cf. Akins v Central N.Y. Regional Mkt. Auth.*, 275 AD2d 911, 912). We conclude, however, that plaintiff did not meet his initial burden with respect to the section 240 (1) cause of action inasmuch as his submissions raised triable issues of fact whether he had a good reason for disconnecting from the lifeline or whether his own actions in disconnecting from the lifeline were the sole proximate cause of his fall (*see Fajardo v Trans World Equities Co.*, 286 AD2d 271, 271; *see also Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40). For example, he submitted evidence that raised material issues of fact whether he was instructed to remain secured to a lifeline at all times. Further, insofar as plaintiff contends that he met his initial burden by establishing that his work surface collapsed, plaintiff's contention is belied by the abundant evidence in the record demonstrating that he was not permitted to stand on the roof decking. We also conclude that defendants and Guard did not meet their initial burdens with respect to the section 240 (1) cause of action because they failed to establish that plaintiff's actions were the sole proximate cause of the accident, i.e., that he knew or should have known that he was expected to use either multiple retractable lanyards or a safety rope in order to reach all areas of the roof (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

We reject defendants' contention that the court erred in denying

that part of their motion with respect to the Labor Law § 241 (6) cause of action insofar as it is based upon a violation of 12 NYCRR 23-1.16. We conclude that 12 NYCRR 23-1.16 (b) applies to the facts of this case, even though plaintiff was not actually attached to the lifeline at the time of his fall, inasmuch as plaintiff testified at his deposition that the safety devices provided to him were inadequate for him to complete his work because they did not afford him access to the entire roof (*see Latchuck v Port Auth. of N.Y. & N.J.*, 71 AD3d 560, 560).

We conclude, however, that the court erred in denying that part of defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, which were based on defendants' alleged supervision and control over plaintiff's work, and we therefore modify the order accordingly. The deposition testimony submitted by the parties established that Sicoli and the Board, at most, engaged in " 'monitoring and oversight of the timing and quality of work[,]' " which " 'is insufficient to raise a triable issue of fact with respect to supervision or control for the purposes of . . . Labor Law § 200' " and common-law negligence (*Timmons v Barrett Paving Materials, Inc.*, 83 AD3d 1473, 1476, *lv denied in part and dismissed in part* 17 NY3d 843; *see also Bannister v LPCiminelli, Inc.*, 93 AD3d 1294, 1294-1295; *McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1581-1582; *Verel v Ferguson Elec. Constr. Co., Inc.*, 41 AD3d 1154, 1156-1157).

We further conclude that the court erred in denying that part of defendants' motion for summary judgment on the third-party complaint, in which Sicoli sought contractual indemnification from Guard. We therefore further modify the order accordingly. Although a party is not entitled to summary judgment on a contractual indemnification claim where issues of fact remain whether the indemnitee was actively negligent (*see Jamindar v Uniondale Union Free Sch. Dist.*, 90 AD3d 612, 616; *Stanz v New York State Energy Research & Dev. Auth. [NYSERDA]*, 87 AD3d 1279, 1283), as addressed in our analysis with respect to plaintiff's Labor Law § 200 and common-law negligence causes of action, Sicoli established that it was not negligent as a matter of law (*see Nicholas v EPO-Harvey Apts., Ltd. Partnership*, 31 AD3d 1174, 1175-1176; *Torres v Morse Diesel Intl., Inc.*, 14 AD3d 401, 403). Additionally, the indemnification provision in the subcontract between Sicoli and Guard evinces a clear intent that Guard indemnify Sicoli for all damages arising out of the work subcontracted to Guard, regardless of who ultimately performed that work (*see generally Lipari v AT Spring, LLC*, 92 AD3d 502, 504-505).

Finally, we conclude with respect to appeal No. 1 that the court properly denied Guard's motion for partial summary judgment on its contractual indemnification cause of action against Innovative. The indemnification provision in the subcontract between Guard and Innovative requires indemnification only for damages that were caused by the negligent acts or omissions of Innovative or its subcontractors. Inasmuch as there are questions of fact whether Innovative was negligent, Guard's motion was properly denied (*see Guarnieri v Essex Homes of WNY*, 24 AD3d 1266, 1266-1267; *cf. Sheridan*

*v Albion Cent. Sch. Dist.*, 41 AD3d 1277, 1279).

Entered: July 5, 2013                                      Frances E. Cafarell
                                                          Clerk of the Court