Wausau Underwriters Ins. Co. v Gamma USA, Inc. (2018 NY Slip Op 08055)





Wausau Underwriters Ins. Co. v Gamma USA, Inc.


2018 NY Slip Op 08055


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-06358
 (Index No. 708796/15)

[*1]Wausau Underwriters Insurance Company, etc., appellant, 
v
Gamma USA, Inc., et al., defendants, W5 Group, LLC, etc., defendant-respondent; Tishman Construction Corporation of New York, et al., nonparty-respondents.


Jaffe & Asher LLP, New York, NY (Marshall T. Potashner and Bension D. DeFunis of counsel), for appellant.
Russo & Toner, LLP, New York, NY (Alan Russo, Carol Ann Weinman, and Josh Kardisch of counsel), for defendant-respondent.
Cornell Grace, P.C. (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone and Gerard S. Rath], of counsel), for nonparty-respondents Tishman Construction Corporation of New York and The New School.
Mallilo & Grossman, Flushing, NY (Francesco Pomara, Jr., of counsel), for nonparty-respondent Arjune Harripersaud.



DECISION & ORDER
In a subrogation action to recover damages for breach of contract and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated May 6, 2016. The order, insofar as appealed from, granted that branch of the motion of the nonparty-respondents Tishman Construction Corporation of New York and The New School which was pursuant to CPLR 3211(a) to dismiss the complaint and denied as academic the plaintiff's cross motion to consolidate this action with an action entitled Harripersaud v The New School, et al., pending in the Supreme Court, Queens County, under Index No. 7237/13.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the nonparty-respondents Tishman Construction Corporation of New York and The New School which was pursuant to CPLR 3211(a) to dismiss the causes of action for a declaratory judgment, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff to the defendant-respondent and the nonparty-respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate declaration in accordance herewith.
The nonparty-respondent The New School (hereinafter TNS) entered into a contract with the nonparty-respondent Tishman Construction Corporation of New York (hereinafter Tishman) for the building of a new facility. Pursuant to the agreement, Tishman entered into trade contracts with various subcontractors, including the defendants Gamma USA, Inc., FMB, Inc., Construction & Realty Safety Group, Inc., and W5 Group, LLC (hereinafter collectively the defendant [*2]subcontractors). Tishman also contracted with nonparty Fred Geller Electrical, Inc. (hereinafter Geller), to provide electrical services.
The defendant subcontractors elected to participate in a Contractor Controlled Insurance Program (hereinafter the CCIP) implemented by Tishman. Geller did not participate in the CCIP, and instead obtained a policy of insurance issued by the plaintiff, Wausau Underwriters Insurance Company (hereinafter the Wausau policy). As required by the trade contract, both TNS and Tishman were named as additional insureds under the Wausau policy.
The nonparty-respondent Arjune Harripersaud (hereinafter Harripersaud), an employee of Geller, allegedly was injured when he tripped and fell while working at the construction site. Harripersaud commenced a personal injury action in the Supreme Court, Queens County, under Index No. 7237/13, against TNS and Tishman, alleging negligence and violations of the Labor Law. Tishman's insurer tendered the complaint to the plaintiff, which accepted the tender and agreed to defend and indemnify Tishman and TNS. Subsequently, the plaintiff, as subrogee for Tishman and TNS, commenced this action against the defendant subcontractors. Tishman and TNS moved for leave to intervene and pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff cross-moved to consolidate this action with the Harripersaud personal injury action. The Supreme Court granted the motion of Tishman and TNS and denied the plaintiff's cross motion as academic. The plaintiff appeals.
Initially, we disagree with the Supreme Court's determination that the action is premature. "Contingent claims by subrogees have been recognized, especially where it would further judicial economy" (Allianz Underwriters Ins. Co. v Landmark Ins. Co., 13 AD3d 172, 175; see Krause v American Guar. & Liab. Ins. Co., 22 NY2d 147, 152-153; Hudson Ins. Co. v AK Constr. Co., LLC, 92 AD3d 521, 521; Progressive Ins. Co. v Lennon, 61 AD3d 951; Menorah Nursing Home v Zukov, 153 AD2d 13).
Additionally, we reject the argument that TNS and Tishman waived their subrogation rights against the defendant subcontractors. Pursuant to a waiver of subrogation provision contained in the CCIP Procedures Manual, on which the parties exclusively rely, the subrogation rights of the defendant subcontractors against Tishman and other contractors were clearly and unambiguously waived, but TNS's and Tishman's subrogation rights against the defendant subcontractors were not waived. Although Tishman and TNS argue that they are subject to the waiver as well, "parties cannot create ambiguity from whole cloth where none exists, because provisions are not ambiguous merely because the parties interpret them differently'" (Universal American Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680, quoting Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 352).
However, we agree with the Supreme Court that the antisubrogation rule operates to bar the plaintiff's causes of action. Under the antisubrogation rule, "an insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (ELRAC, Inc. v Ward, 96 NY2d 58, 76 [internal quotation marks omitted]). This rule prevents an insurer from passing its losses to its own insured (see id. at 76). Here, the defendant subcontractors were members of the CCIP, and the CCIP imposed a $500,000 retention obligation on Tishman, as to each occurrence under the policy. Accordingly, the antisubrogation rule bars Tishman and TNS from asserting claims against the defendant subcontractors (see Parache v DD 11th Ave. LLC, 126 AD3d 441, 442; Stranz v New York State Energy Research & Dev. Auth. (NYSERDA), 87 AD3d 1279, 1279). Inasmuch as the antisubrogation rule would bar Tishman and TNS from asserting causes of action against the defendant subcontractors, it bars the plaintiff's causes of action as well. A subrogee "is subject to any defenses or claims which may be raised against the subrogor. Thus, a subrogee may not acquire any greater rights than the subrogor" (Solomon v Consolidated Resistance Co. of Am., 97 AD2d 791, 792).
Since three of the plaintiff's five causes of action were for a declaratory judgment, "the proper procedure for the court is to deny the motion to dismiss the complaint (thereby retaining jurisdiction of the controversy) and then to declare the rights of the parties, whatever they may be" (Matter of Jacobs v Cartalemi, 156 AD3d 635, 640 [internal quotation marks omitted]). Accordingly, the Supreme Court should have denied that branch of the motion of TNS and Tishman [*3]which was to dismiss the causes of action for a declaratory judgment, and rendered appropriate declarations. We remit the matter to the Supreme Court, Queens County, for that purpose.
In light of our determination, the parties' contentions regarding the plaintiff's cross motion to consolidate need not be reached.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court